290 P.2d 454

**CEDAR CITY CORPORATION, Plaintiff,**

v.

**PUBLIC SERVICE COMMISSION of Utah, Defendant.**

**No. 8401.**

Supreme Court of Utah.

Nov. 25, 1955.

Patrick H. Fenton, Cedar City, for plaintiff.

Van Cott, Bagley, Cornwall & McCarthy, Salt Lake City, E. R. Callister, Jr., Atty. Gen., for defendant.

.WORTHEN, Justice.

Plaintiff brings this action in certiorari to review certain proceedings had by, and the decision of, the defendant. In the petition for writ, Cedar City Corporation is denominated petitioner, and the Public Service Commission of Utah, respondent, however, Rule 72(c) of our Utah Rules of Civil Procedure provides that in original proceedings before this court the applicant shall be known as plaintiff and any other party as defendant. We shall, therefore, refer to the parties as plaintiff and defendant herein.

Southern Utah Power Company operates two power systems in southern Utah, one known as the "Kanab System" the other the "Cedar System." The latter system only is involved here. For convenience we shall refer to the plaintiff as the "City," the defendant as the "Commission" and the Power Company as the "Company."

In December, 1953, the City filed with the Commission a petition for a rate hearing in case No. 3995. The City after declaring that the Company is presently conducting a cost survey to determine the cost of furnishing power to the area served by the Company; and after alleging that the re-sults of the survey would be available about May 1, 1954, urged the Commission to establish a differential power rate for the area included within the corporate limits of Cedar City, upon the ground that the cost of furnishing power within the City was less than elsewhere in the system.

On March 11, 1954, the Company filed with the Commission its complaint in case No. 4016 alleging that rates in the Cedar System failed to provide a fair return and requesting the Commission to fix a rate on its properties which would produce a fair rate of return.

The Commission set the petition of the City and the complaint of the Company for hearing at Cedar City, Utah, on the 14th day of April, 1954. Notice of hearing in case No. 3995 was duly published, and notice of hearing in case No. 4016 was given to all cities and companies served by the Company as well as the county commissioners of Iron County and Washington County.

Upon motion for continuance the Commission continued the hearings in both cases to June 8, 1954, and notice of the postponement was served by mail and published in the Iron County Record and the Washington County News.

The City offered testimony of a rate expert in support of its petition and it appeared therefrom that 53.65 per cent of the customers of the Company reside in Cedar City. Testimony was offered as to the total

power sales in the system including the sales within the City. It further appeared that communities other than Cedar City are served by the Company.

The Commission denied the petition of the City and no appeal has been taken. That proceeding and the Commission's findings and order shed light on the position of the City in case No. 4016 which is now before us.

The Commission in its order denying the petition of the City observed that "the petitioner made no claim or representation that the earnings of the Company are unreasonable or excessive," and added "The only issue in the present case is the petitioner's request for a differential in rates in favor of Cedar City customers. The question of whether or not the rates applicable to the entire Cedar System require adjustments among the several classes must be determined in another proceeding.'"

The Commission heard both cases on June 8 and 9, 1954, and by its order the complaint of the Company was dismissed, "without prejudice to the right of the Company to institute further proceedings for rate relief if warranted by future conditions."

Upon petition of the Company the Commission ordered that the case be reopened for further hearing and ordered the Company to file its schedule of proposed rates and charges.

Notice of the further hearing of case No. 4016 was given by mail and by publication.

The matter came on before the Commission November 30, 1954. Upon agreement of the interested parties the evidence oral and documentary, taken in the consolidated record in cases 3995 and 4016 on June 8th and 9th, was made a part of the record in case No. 4016 on further hearing.

It was agreed by the parties that the rehearing extend only to a determination of the Company's need for additional revenue and should a determination be made in favor of the Company then a further hearing would be had to determine how the additional revenue should be raised and how the increased rates should be distributed.

The Company offered evidence in detail as to its investments and the revenue recovered from its various customers. The Company filed its schedule of proposed rates and charges before the further hearing began and proposed increases in its rates for five classes of service but did not propose any increase for residential service.

On January 5, 1955, the Commission entered its findings and order. It found that the Company was entitled to increase its rates to a level which would produce additional revenue of $69,648, and also found that the question of distribution of the increase by rate schedules should be reserved for further hearings.

The Commission's order was duly entered in accordance with the findings and directed the Company to file a revised schedule of rates designed to produce the amount allowed.

The order of January 5, 1955, was served on the parties including counsel for the City.

The further hearing to determine the reasonable and fair rate schedule necessary to return the additional money to which the Company was found entitled, came on before the Commission on March 10th and was concluded on March 12, 1955.

The Company offered evidence in support of its proposed schedule which provided for no increase in residential rates. Other witnesses offered testimony in support of lower rates than those proposed by the Company.

The proposed schedule of the Company and the increases which the Commission concluded were just and reasonable are set out below:

**Company Proposal**

| Class of Service | Amount of Increase | % Increase |
|---|---|---|
| Residential Service | None | None |
| Irrigation Pumping | $25,607.00 | 17.75 |
| Industrial Power | 22,584.00 | 13.51 |
| Commercial Service | None | None |
| Street Lighting | 240.00 | 2.16 |
| Public Authorities | None | None |
| Escalante R.E.A. | 14,507.00 | 23.49 |
| Parowan City | 6,710 00 | 49.89 |
| Total | $69,648.00 | |

**Commission Order**

| Class of Service | Amount of Increase |
|---|---|
| Residential Service | $18,410.00 |
| Irrigation Pumping | 20,214.00 |
| Industrial Power | 22,584.00 |
| Commercial Service | None |
| Street Lighting | 240.00 |
| Public Authorities | None |
| Escalante R.E.A. | 6,200.00 |
| Parowan City | 2,000.00 |
| Total | $69,648.00 |

Counsel for the City urges that the order of the Commission was put into effect without evidence to support the same. We are unable to concur in this contention.

The Commission had before it the evidence submitted by the City in case No. 3995 wherein the City sought a differential power rate. The Commission likewise had before it the evidence of the Company both oral and documentary and the evidence offered on behalf of other interested customers of the Company. The Commission called its chief engineer who testified to various schedules of rates for residential service in Cedar City for the years 1935, 1940 and 1945 through 1954 inclusive. We believe that during the 7 days the Commission received testimony and with the voluminous record before it there was ample evidence upon which to predicate the order.

Counsel further urges that since the Company never submitted a proposed schedule for an increase in residential rates and since the Commission never, during the hearing, proposed an increase in residential rates that the order increasing residential rates $18,410 was made without authority.

We are of the opinion that the Commission is not required to suggest to each user or class of users that it contem-

plates a raise in the existing rate nor is it required to declare that it contemplates lowering an existing rate.

The statute does not require the Commission to announce to each user what it contemplates doing as to the applicable rate for any user. In a hearing lasting in all, 7 days, in which evidence is being offered almost continuously the Commission cannot be expected to determine or announce instantly what rates will be applied to the various groups of consumers. It necessarily must await a study of the evidence if not the suggestion of its experts.

Every user felt that it was being charged sufficient, if not too much, under the prevailing schedule. The parties requested, and the Commission granted, the right to file written arguments at the conclusion of the hearing on March 12, 1955. Thereafter the Company and one of the parties filed briefs in support of their position and the attorney for the City proposed to the Commission that no increase be granted for residential rates because no proposal from either the Company or any other interested party had been suggested. It was further proposed to the Commission that since one of the parties in its brief had suggested that the increased revenue be derived from an increase of all rates on an across the board basis; that if the Commission seriously considered this proposal that a further hearing be held so that the City could offer a proposal to do away with all rate differential and putting the Company on a single rate regardless of the use of power, and that the City be allowed to offer evidence in support of its proposal.

There must necessarily be an end to a hearing before the Commission. The City knew that the Commission had determined that the Company had a dollar requirement of $69,648 to give a fair return on its investment. The City knew that in its order of January 5, 1955, the Commission had found:

"At the hearing on the reopened case it was agreed by the parties that in the event the Commission should find that the Company needs additional revenue a further hearing would be held on the question of the distribution of the allowed increase among the rate schedules. *The Commission is not convinced at this time that the schedule of rates proposed by the Company at the hearing of this matter would be equitable and reasonable. We think the question should be explored further.*" (Emphasis added.)

The City was put on notice that the Commission doubted the reasonableness of the distribution of the allowed increase as proposed by the Company, and should have anticipated that in providing an equitable distribution, the residental rate, the commercial rate, or the rate for public authorities might be changed.

At the opening of the hearing on March 10th the Commission gave further notice as follows:

"Com. Hacking: Well, I think that the whole matter of the distribution of the revenue requirements to its customers is open in this case. * * *"

■ We call attention to the statute, Section 54–7–12, U.C.A.1953, which provides:

"(2) Whenever there shall be filed with the commission any schedule stating a single or joint rate, * * * increasing or resulting in an increase in any rate, * * * the commission may either upon complaint, or upon its own initiative without complaint, at once * * * upon reasonable notice, enter upon a hearing concerning the propriety of such rate, * * *. On such hearing the commission *shall establish the rates, * * * proposed, in whole or in part or others in lieu thereof, which it shall find to be just and reasonable. * * *"* (Emphasis added.)

If the Commission were authorized only to accept or reject the proposal of the Company for a rate schedule, without authority to modify the same we would make of the Commission a rubber stamp to order such schedule put into effect or to require submission of another schedule. The Commission has, and should have, the final determination of just and equitable rates.

The statute [1] empowers the Commission to prevent the granting of any preference or advantage to any person, or subjecting any person to any prejudice or disadvantage.

■ On this review we may not substitute our judgment for that of the Commission as to the reasonableness of a given rate.

"* * * The review shall not be extended further than to determine whether the commission has regularly pursued its authority, including a determination of whether the order or decision under review violates any right of the petitioner under the Constitution of the United States or of the state of Utah. The findings and conclusions of the commission on questions of fact shall be final and shall not be subject to review. * * *" [2]

Our attention has not been directed to anything done by the Commission which has violated any right of plaintiff assured by the statute last mentioned. We are not prepared to say that the order of the Commission distributing the increased revenue allowed, was abused or that the Commission acted unfairly, capriciously or arbitrarily.

Order of the Public Service Commission is affirmed.

No costs awarded.

McDONOUGH, C. J., and CROCKETT, HENRIOD and WADE, JJ., concur.

1. Section 54–3–8, U.C.A.1953.

2. Section 54–7–16, U.C.A.1953.